Erika M. Nicolalde (SBN: 225052)
Thomas P. Matthews (SBN: 163089)
Liberty Lawyers
1094 Cudahy Place Suite 308
San Diego, CA 92110
Phone: (619) 236-3400
Fax: (619) 236-3480

Attorney for Defendant
**DANIEL PRECIADO**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**(HONORABLE JUDGE LARRY A. BURNS)**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**DANIEL PRECIADO,**<br>Defendant | Criminal Case No.: 08-CR-1456-LAB<br><br>**MOTION FOR DISCOVERY** |

TO KAREN P. HEWITT, UNITED STATES ATTORNEY AND HER ASSISTANT UNITED STATES ATTORNEY, RANDY JONES PLEASE BE ADVISED:

Daniel Preciado hereby requests discovery and preservation of the following items pursuant to the Fifth and Sixth Amendment to the Unites States Constitutional, Rule 16 of the Federal Rules of Criminal Procedure, and Brady v. Maryland, 373 US 83 (1963). The items which Mr. Preciado requests are set forth as follows:

1. All reports by government agents generated as a result of this case including, but not limited to, investigative reports, arrest reports, search warrants and affidavits in support of search warrants. Mr. Preciado specifically requests all document and reports concerning this prosecution.

2. A list of all witnesses the government intends to call during its case-in-chief, including telephone numbers of the witnesses and their present whereabouts.

Although a defendant in a criminal case does not have the right to demand a list of witnesses, a federal district court possesses, in the exercise of its inherent power to promote the proper administration of justice, the authority to require the government to disclose a list of witnesses to be called at trial. United States v. Leichtfuss, 331 F. Supp. 723 (N.D. Ill. 1971). In Leichtfuss, the district court ordered the government to provide defense counsel with a list of government witnesses that would facilitate prompt and effective cross-examination and foster stipulations to some testimony. Production of the government's witness list would also enable this Court to determine the approximate length of the trial.

3. All statements made by defendant.

This item calls for discovery of all statements made by Mr. Preciado and his coconspirators whether oral, written or recorded, which are in the possession, custody or control of the government or which, by the exercise of due diligence, may become available to the government which have not already been produced by the government. Rule 16(a)(2)(A) clearly authorizes production of such discovery.

This item calls for discovery of all statements of defendant, regardless to whom the statements were made. It also calls for handwritten notes taken by, or at the request of, government agents concerning such statements. Defendant requests all statements made by him or his coconspirators directly to or in the presence of confidential informant(s). By the very term of Rule 16(a)(1)(A), the defendant has the absolute right to inspect and copy written or recorded statements made by him to "government agents." The term "government" agents" includes employees and agents in the established legal sense of the Federal Bureau of Investigation and

all those acting in concern with them. This rule has been interpreted to mandate discovery of this written summary of a defendant's oral statements contained in the handwritten notes of a government agent. Louis v. United States, 389 F.2nd 911 (9 Cir. 1968). If the statement of the the defendant is summarized in the notes of the U.S. Attorney, it is still discoverable pursuant to Rule 16(a)(1)(A) and is not shielded by the Work Product Rule.

Under Rule 16(a)(1)(A), three different types of statements of defendant must be disclosed: (1) written or recorded statements made by defendant in possession of the government; (2) oral statements made by defendant in response to interrogation by government agents; and (3) grand jury testimony of defendants. In United States v. Thevis, 84 F.R.D. 47 (N.D.Ga. 1979), the court held that Rule 16(a)(1)(A) encompassed statements made by the defendant either directly to a government agent or to a third party who then made a statement to the government in which the defendant's remarks were attributed and included. The court further held "The statement of the defendant remains his statement, regardless of who reports, witnesses, or memorialize it." Id., at 56.

Courts have consistently held that tape recordings of conversations involving the defendant are discoverable under Rule 16. United States v. Haldeman, 559 F.2d 31 (D.C.Cir. 1976).

Mr. Preciado also specifically requests any response to any Miranda advisement (s) which may have been given to him on the day of his arrest or any subsequent date. United States v. McElroy, 697 F.1d 459 (2 Cir. 1983).

4. All books, papers, documents, photographs, tape recording, video tapes, and tangible objects which are presently in the possession, custody, or control of the government and which are material to the preparation of the defense of Mr. Preciado or intended for use as

evidence by the government in its case-in-chief.

Rule 16(a)(1)(C) provides authority for production of documents called for item #6. In United States v. Countryside Farms, Inc., 428 F. Supp. 1150 (D.Utah 1977), the court made an interpretation as to what is included in the meaning of Rule 16(a)(1)(C) and concluded "...documents which will be relied on or referred to in any way by any witnesses called by the government during its case-in-chief" are to be produced. Thus, all documents and reports which may be relied upon or referred to in any way by any witness are discoverable under Rule 16(a)(1)(C).

5. Government files and records concerning witnesses.

The defense requests disclosure of any and all personnel files for persons to be called as government witnesses, informants in this case, and the defendant, together with the existence of any and all federal, state, and local government files for these individuals. Included in this request identification of all official or unofficial internal affairs of public integrity or investigation files related to or connected with each witness who was, or is, a law enforcement officer.

The defense is entitled to have access to government files in order to ascertain whether there is information within such files which could be of an impeaching nature with regard to each witness to be called, including lay witnesses and government agents. United States v. Deutsch, 475 F.2d 55 (5 Cir. 1973). In United States v. Morell, 524 F.2d 55 (2 Cir. 1975), the Second Circuit held that defense counsel were entitled to impeachment information in the confidential file of an informant witness.

Personnel files, internal investigation files, state and local government files all should be disclosed to the defense with regard to each witness to be called for the government, including

law enforcement agents, all informants, and the defendant. If the government resists production of these documents, then each file should be specifically identified so that the appropriate motions or legal process can be addressed to them prior to the time of trial.

6. All transcripts of grand jury proceedings in this investigation.

The decision as to whether disclosure of grand jury transcripts should be ordered is within the discretion of the trial court. United States v. Marshall 526 F.2d 1349 (9 Cir. 1975. The test used to determine whether disclosure of such transcripts should be ordered is whether the party seeking disclosure has demonstrated a "particularized need" which outweighs the general policy of secrecy of grand jury proceedings. Pittsburgh Plate Glass Company v. United States, 360 U.S. 395 (1959).

In Dennis v. United States, 384 U.S. 855 (1966), the Supreme Court set forth the underlying basis for requiring disclosure of grand jury testimony:

> in a variety of circumstances, the lower Federal Courts, have made Grand Jury testimony available to defendants.
>
> These developments are entirely consonant with the growing realization that disclosure, rather than suppression of relevant materials, ordinarily promotes the proper administration of criminal justice.

Id., at p. 870,

> In our adversary system for determining guilt of innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact. Exceptions to this are justifiable only by the clearest and most compelling consideration. (Emphasis added )

Id., at p. 873.

//

//

Once the grand jury has completed its work, with indictments having been brought, then the reason for secretary of its testimony becomes even less compelling and disclosure should be more readily granted. State of Illinois v. Sarabaugh, 552 F.2d 768 (7th Cir.1977).

In United States v. Scony-Vacuum Oil Company, 310 U.S. 150 (1940), the Supreme Court distinctly stated:

But after the Grand Jury's functions are ended, Disclosure is wholly Proper where the interest of justice require it.

Id., at p.234.

Thus, the burden on the movant to show a particularized need is also lessened when the Grand Jury has completed its work.

Counsel for the defense is entitled to disclosure of grand jury transcripts of witnesses testifying at trial. Disclosure ordered during trial comes too late to be effective to the defense and causes needless interruptions and delays of the trial in that cross-examination cannot be fully planned until after a careful review of the Grand Jury transcripts and other Jencks Act Material.

7. Notice of all evidence which the government intends to use its case-in-chief which may arguably be subject to a pre-trial motion to suppress.

The above requested discovery should be promptly disclosed to the defense to avoid delay at the time of trial and to allow an opportunity to evaluate, and possibly conduct further investigation if such statements establish that this is necessary and to allow the defense to adequately prepare for cross-examination of government witnesses. See, Fed. R. Evid. 801(d)(1)(A).

Under United States v. Miller, 771 F.2d 1219 1233 (9 Cir.1985); United States v. Duppy. 760 F.2d 1492, 1502 (9 Cir.1985); United States v. Harris, 543 F.2d 1247 (9 Cir. 1976), and Fed. R. Crim.P. 12(I), Mr. Preciado also moves the court to order the government to

//

produce, in camera, if required, any raw notes made by the assistant United States attorney and/or investigative officers of all witness interviews. Should the government be unable to comply because of the destruction of such notes, this could be grounds for sanctions such as dismissal of the indictment or striking of the testimony of any witness to whom such notes relate. United States v. Harris, Supra, 543 F.2d at 1251-1252, United States v. Johnson, 521 F.2d 1318 (9 Cir. 1975); United States v. Wells, 572 f.2d 1983 (9 Cir.1978).

The defense also requests that this Court make a continuing discovery order and that the government be compelled to produce materials responsive to items contained in this motion as they become available.

**II.**

**MOTION TO COMPEL DISCLOSURE OF IDENTITY AND WHEREABOUTS OF ANY AND ALL CONFIDENTIAL INFORMANTS INVOLVED IN THIS CASE**

It is believed that there may have been confidential informants involved in this case. Mr. Preciado moves this Court to order the government to reveal the identity of any and all confidential informants, any role that they played in the instant case, and any benefits that were given to them. In Roviaro v. United States, 353 U.S. 53, 63 (1957), the Supreme Court ruled that the district court committed prejudicial error in permitting the government to withhold the identity of its confidential informant whose testimony was relevant and might have been helpful to the defense. The Court further found that it was matter for the accused, rather than the government, to decide whether the undercover agent should have been called as a witness at trial or interviewed prior to trial and that there was no fixed rule with respect to the disclosure. The problem is one that calls for balancing the public interest in protecting the flow of

information against the individual's right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the circumstances of each case, taking into consideration the crimes charged, the possible defense, and possible significance of informant's testimony and other relevant factors.

Id., at p. 62.

The Fifth Circuit formulated a three-part test to determine whether disclosure of the identify of the confidential informant is mandatory: (1) the level of the confidential informant's involvement in the alleged criminal activity; (2) the helpfulness of disclosure to any asserted defense; and (3) the government's interest in non-disclosure. United States v. De Los Sanots. 810 F.2d 1326, 1331 (5 Cir. 1987).

Access to the informant or informants is particularly important in preparing for trial in Mr. Preciado's case. For these reasons, the identity and current whereabouts of the government's informant should be disclosed to the defense or in the alternative, the government should make an in camera disclosure of this information for this Courts determination.

## III.

## DEFENDANT REQUESTS LEAVE OF COURT TO FILE FURTHER MOTIONS

Counsel for Mr. Preciado believes that there may be additional information which he has not received and would be an appropriate basis to bring further motions. Therefore counsel for Daniel Preciado requests leave to file appropriate and necessary additional motions, based on a showing of good cause. For all the foregoing reasons, counsel for Daniel Preciado requests that

this Court grant this motion to compel discovery, compel the disclosure of the identity of the confidential informants, and grant leave to file further motions.

Dated: May 28, 2008 Respectfully Submitted,

/s/ Erika Nicolalde

Erika Nicolalde enicolalde@libertylawyers.com
Attorney for Defendant Daniel Preciado