**THOMAS P. MATTHEWS (CA BAR NO. 163089)**
**ERIKA NICOLALDE (CA BAR NO. 225052)**
LIBERTY LAWYERS
1094 CUDAHY PL. SUITE 308
SAN DIEGO, CA 92110
PHONE: (619) 236-3400
FAX: (619) 236-3480

Attorneys for Defendant
**DANIEL PRECIADO**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiffs<br>**v.**<br>**DANIEL PRECIADO,**<br>KERMIT PEREDA-REBOLLO<br>Defendant. | CASE NO.: 08CR1456-LAB<br><br>DATE: SEPTEMBER 8, 2008<br>TIME: 2:00PM<br><br>**DEFENDANT'S NOTICE OF MOTIONS AND MOTIONS *IN LIMINE* TO:**<br>**1) EXCLUDE ALL EXPERT TESTIMONY PURSUANT TO RULE 16**<br>**2) EXCLUDE ANY 404(B) OR 609 EVIDENCE AS NO NOTICE WAS GIVEN** |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
RANDY JONES, ASSISTANT UNITED STATES ATTORNEY:

DANIEL PRECIADO, the accused in this case, by and through his counsel, THOMAS P. MATTHEWS AND ERIKA M. NICOLALDE, brings these motions pursuant to the Fourth, Fifth, and Sixth Amendments to the United States Constitution and all other applicable statutes, case law, and local rules. The motion is based on the attached statement of facts and memorandum of points and authorities.

Dated: August 26, 2008

LIBERTY LAWYERS

/s/ THOMAS P. MATTHEWS

Thomas P. Matthews

Attorneys for Defendant
MR. DANIEL PRECIADO

**THOMAS P. MATTHEWS (CA BAR NO. 163089)**
**ERIKA NICOLALDE (CA BAR NO. 225052)**
LIBERTY LAWYERS
1094 CUDAHY PL. SUITE 308
SAN DIEGO, CA 92110
PHONE: (619) 236-3400
FAX: (619) 236-3480

Attorneys for Defendant
**DANIEL PRECIADO**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiffs<br>**v.**<br>**DANIEL PRECIADO,**<br>KERMIT PEREDA-REBOLLO<br>Defendant. | CASE NO.: 08CR1456-LAB<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS *IN LIMINE*** |

**I.**

**STATEMENT OF FACTS**

Daniel Preciado is charged in an indictment issued by the Grand Jury, along with his co-defendant Kermit Pereda Rebollo. He is charged with three counts of Transporting Illegal Aliens in violation of 8 U.S.C. § 1324 (a) (1) (A) (ii). Each count arises from a vehicle stop on April 13, 2008.

According to the discovery produced by the government, on April 13, 2008, at approximately 12:00 p.m., agents received a citizen report that several suspected illegal aliens entered a dump truck near Tierra Del Sol Boulevard, California. Agents located a vehicle that matched the

citizen's report that was heading westbound on Interstate 8. The agents conducted a traffic stop on the vehicle. Mr. Rebollo was the driver of the vehicle while Mr. Preciado was seated in the front passenger seat. The defendants were ordered out of the vehicle. At some point during the stop the agents observed multiple people in the bed of the dump truck that Mr. Rebollo was driving. These people were questioned and admitted to the agents that they were undocumented Mexican citizens. Everyone was arrested and taken to the Campo Border Patrol Station for processing. Mr. Rebollo and Mr. Preciado were subsequently charged with the three counts of Transporting Illegal Aliens in violation of 8 U.S.C. § 1324 (a) (1) (A) (ii). They have pled not guilty and denied all allegations. Trial has been set in their matters for September 9, 2008 at 9:00 A.M.

## II.

## MOTIONS IN LIMINE

### A. All Expert Witnesses Offered Without Appropriate Notice Violate Federal Rule of Criminal Procedure 16(a)(1)(E) And Must Be Excluded.

To date, the defense is unaware of any expert witness testimony anticipated by the government. If the government seeks to offer expert testimony without (1) timely notifying Mr. Preciado of the expert and his or her qualifications; (2) providing a summary of the expected testimony; and (3) providing a summary of the bases of the expert's opinion, this Court should exclude such witnesses from testifying at trial. Mr. Preciado respectfully requests that this Court grant a motion in limine accordingly, to give effect to the discovery requirements of Rule 16, and to afford the accused the opportunity to prepare his defense in this case. See Rule 16(a), U.S. Const. V, VI.

///

///

///

**B. The Court Should Preclude the Government from Introducing Evidence Under Federal Rule of Evidence 404(b) and/or 609.**

Fed R. Evid. 404 (b) requires that the government provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce. It further requires that the Government give notice of the "general nature" of any prior act evidence that it may seek to introduce. As of this writing, the Government has not informed Mr. Preciado's counsel as to any evidence in this regard that it seeks to introduce. Because the Government has provided no notice of the "general nature" of such evidence -- let alone discovery -- any such evidence should be excluded for failure to comply with Rule 404(b).

In this country it is a settled and fundamental principle that persons charged with crimes must be tried for what they allegedly did, not for who they are. See United States v. Hodges, 770 F.2d 1475, 1479 (9th Cir. 1985). The Ninth Circuit Court of Appeals has observed:

> "Under our system, an individual may be convicted only for the offense of which he is charged and not for other unrelated criminal acts which he may have committed. Therefore, the guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that defendant engaged in other acts of wrongdoing." Id.

According to the rap sheet produced by the Government, Mr. Preciado suffered at least one prior felony conviction. It is anticipated that if Mr. Preciado testifies, the Government will attempt to introduce prior convictions as impeachment material under Rule 609(a)(1) of the Federal Rules of Evidence. However, even under Rule 609(a)(1), such evidence is inadmissible.

///

///

Rule 609 provides:

> (a) General rule. For the purpose of attacking the credibility of a witness, (1)evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the accused.
>
> Fed. R. Evid. 609(a)(1) (emphasis added).

The plain language of Rule 609(a)(1) and the 1990 Advisory Committee Note clearly indicate that the standard governing the admissibility of a criminal defendant's prior felony conviction is more stringent than the standard governing the admissibility of prior felony convictions of other witnesses. See 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence § 609[04], at 609-42 (1996) ("The amended Rule 609(a)(1) was intended to resolve the problems of fairness by treating criminal defendants differently from other witnesses. The Advisory Committee was aware of the 'unique risk of prejudice' faced by criminal defendants who want to testify on their own behalf: that prior conviction evidence will be 'misused by a jury as propensity evidence.'") (quoting 1990 Advisory Committee Note). Specifically, in cases where the witness is not a criminal defendant, it is presumed that the prior conviction is admissible and therefore the party seeking exclusion has the burden of showing that the probative value of the prior conviction "is substantially outweighed by the danger of unfair prejudice" under Rule 403. Such a standard, however, does not apply to the prior convictions of testifying criminal defendants. Rather, there is a presumption against the admission of a criminal defendant's prior conviction and "[t]he Government bears the burden of showing . . . that the proffered evidence's probative value substantially outweighs its prejudicial effect." United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir.) (emphasis added), cert. denied 516 U.S. 878 (1995).

Whether the Government has successfully rebutted the presumption against admissibility depends on the balancing of five factors outlined by the Ninth Circuit in United States v. Cook, 608

F.2d 1175 (9th Cir. 1979) (en banc), overruled on other grounds in Luce v. United States, 469 U.S. 38 (1984). These factors are: (1) the impeachment value of the prior conviction; (2) the temporal relationship between the conviction and the subsequent history of the defendant; (3) the similarity between the prior offense and the offense charged; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. Cook, 608 F.2d at 1185 n.8 (citing Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967), cert. denied 390 U.S. 1029 (1968)). After evaluating these five factors, it is clear that the Government cannot show that the probative value of Mr. Preciado's prior convictions substantially outweighs its prejudicial effect so as to rebut the presumption against admissibility.

With respect to the first factor (the impeachment value of the prior conviction), Chief Justice Berger explained: "A 'rule of thumb' thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not . . . ." Gordon, 383 F.2d at 940.[1] Because Mr. Preciado's prior possession of a concealed weapon is not a crime of moral turpitude, it would appear that its impeachment value is minimal. Additionally, none of his prior convictions, mostly misdemeanors, involve alien smuggling or fraud.

The second factor (the remoteness of the prior conviction and the subsequent history of the defendant) also weighs in favor of exclusion. The third factor (the similarity between the prior conviction and the instant offense) weighs against admission as to the felony conviction, which is similar on a generic, categorical level.

The fourth factor (the importance of the defendant's testimony) strongly weighs in favor of exclusion. The conviction is remote in time, and the notice required under Fed. R. Evid. 609(b) has not been given. Chief Justice Berger explained the fourth factor as follows:

> One important consideration is what the effect will be if the defendant does not testify out of fear of being prejudiced because of impeachment by prior convictions. Even though a judge might find that the prior

---

[1] The Cook five-factor analysis, and Rule 609(a)(1) jurisprudence in general, is derived from Chief Justice Berger's opinion in Gordon.

> convictions and the risk of prejudice to the defendant does not warrant their exclusion, he may nevertheless conclude that it is more important that the jury have the benefit of the defendant's version of the case than to have the defendant remain silent out of fear of impeachment. Gordon, 383 F.2d at 940-41.

In other words, when the defendant's testimony is critical, he should not be forced to decline testifying because he fears that prior convictions will be admitted. Thus, the question becomes whether Mr. Preciado's testimony is critical in this case. Clearly, it is. "The need for defendant's version of the events, 'unembarrassed by mention of his previous difficulties with the law,' is particularly great 'where inferences founded upon unexplained acts are likely to be heavily operative.'" 3 Weinstein &. Berger, § 609[03], at 609-40.

Finally, with respect to the fifth factor (the centrality of the credibility issue), it is conceded that if Mr. Preciado testifies, his credibility will be a central issue. After all, whenever a defendant testifies, his credibility is at issue. However, the fifth factor is generally concerned with cases where "there is a clear-cut conflict between the testimony of prosecution and defense witnesses so that someone has to be lying." Id. Put simply, the fifth factor is concerned with those cases where the issue will be "narrowed to the credibility of two persons -- the accused and his accuser," and this is not one of those cases. Gordon, 383 F.2d at 941. Here, the main issue will be whether the identifications are accurate.

In sum, when considering the balance of the five factors, it becomes clear that the Government cannot meet its burden of showing that the probative value of Mr. Preciado's prior convictions substantially outweighs their prejudicial effect. It should also be noted that Mr. Preciado does not intend to offer any character evidence, and does not intend "to misrepresent his character or to testify falsely as to his prior criminal record." United States v. Bagley, 772 F.2d 482, 488 (9th Cir. 1985) (holding that district court abused its discretion in admitting prior conviction). As a result, his prior convictions should be excluded.

///

///

## CONCLUSION

For the foregoing reasons, Daniel Preciado respectfully requests that this Court grant these motions *in limine*.

Dated: August 26, 2008

LIBERTY LAWYERS

/s/ THOMAS P. MATTHEWS

Thomas P. Matthews

Attorneys for Defendant
MR. DANIEL PRECIADO